**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (AZ Bar No. 030204)
Christopher J. Bendau (AZ Bar No. 032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Fax: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
          chris@bendaulaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Grant Wiggs**, | No. _____ |
| Plaintiff, | **COMPLAINT** |
| v. | |
| **Lone Spur Café Management, LLC**, an Arizona Limited Liability Company; **Lone Spur Café #1 LLC**, an Arizona Limited Liability Company; **Lone Spur Café #2 LLC**, an Arizona Limited Liability Company; **Lone Spur Café #3 LLC**, an Arizona Limited Liability Company; **Lone Spur Café of America LLC**, an Arizona Limited Liability Company; **Lone Spur Café of North Scottsdale LLC**, an Arizona Limited Liability Company; **Granite Mountain Capital, LLC**, an Arizona Limited Liability Company; and **Cory Farley and Jennifer Farley**, a Married Couple, | |
| Defendants. | |

Plaintiff, Grant Wiggs ("Plaintiff"), sues Defendants, Lone Spur Café Management, LLC; Lone Spur Café #1 LLC; Lone Spur Café #2 LLC; Lone Spur Café #3 LLC; Lone Spur Café of America LLC; Lone Spur Café of North Scottsdale LLC;

Granite Mountain Capital, LLC; and Cory Farley and Jennifer Farley (collectively, "Defendants") and alleges as follows:

## PRELIMINARY STATEMENT

1. This is an action for unpaid wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.; the Arizona Minimum Wage Act ("AMWA"), Arizona Revised Statutes ("A.R.S.") 23-362, et seq.; and the Arizona Wage Act ("AWA"), A.R.S. Title 23, Chapter 8.

2. The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981). Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks. See 29 U.S.C. § 206(a). Under the FLSA, employers must pay all non-exempt employees one and one-half their regular rate of pay for all hours worked in excess of 40 hours in a workweek. See 29 U.S.C § 207.

3. The AMWA, A.R.S § 23-363, et seq., establishes a minimum wage within the State of Arizona.

4. The AWA, A.R.S § 23-350, et seq., establishes the law regarding the payment of wages within the State of Arizona.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq.* because this civil action arises under the Constitution and law of the United States. This Court also has subject matter jurisdiction pursuant 28 U.S.C. §

1367 because the state law claims asserted herein are so related to claims in this action over which this Court has subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the District of Arizona, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

## PARTIES

7. At all material times, Plaintiff is an individual residing in Yavapai County, Arizona, and is a former employee of Defendants.

8. At all material times, Defendant Lone Spur Café Management, LLC was a limited liability company duly licensed to transact business in the State of Arizona. At all material times, Defendant Lone Spur Café Management, LLC does business, has offices, and/or maintains agents for the transaction of its customary business in Yavapai County, Arizona.

9. Defendant Lone Spur Café Management, LLC is an Arizona limited liability company, authorized to do business in the State of Arizona and is at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d).

10. Under the FLSA, Defendant Lone Spur Café Management, LLC is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendant Lone Spur Café Management, LLC had the authority to hire and fire employees,

-3-

supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As a person who acted in the interest of Defendants in relation to the company's employees, Defendant Lone Spur Café Management, LLC is subject to liability under the FLSA.

11. At all material times, Defendant Lone Spur Café #1, LLC was a limited liability company duly licensed to transact business in the State of Arizona. At all material times, Defendant Lone Spur Café #1, LLC does business, has offices, and/or maintains agents for the transaction of its customary business in Yavapai County, Arizona.

12. Defendant Lone Spur Café #1, LLC is an Arizona limited liability company, authorized to do business in the State of Arizona and is at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d).

13. Under the FLSA, Defendant Lone Spur Café #1, LLC is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendant Lone Spur Café #1, LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As a person who acted in the interest of Defendants in relation to the company's employees, Defendant Lone Spur Café #1, LLC is subject to liability under the FLSA.

-4-

14. At all material times, Defendant Lone Spur Café #2, LLC was a limited liability company duly licensed to transact business in the State of Arizona. At all material times, Defendant Lone Spur Café #2, LLC does business, has offices, and/or maintains agents for the transaction of its customary business in Yavapai County, Arizona.

15. Defendant Lone Spur Café #2, LLC is an Arizona limited liability company, authorized to do business in the State of Arizona and is at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d).

16. Under the FLSA, Defendant Lone Spur Café #2, LLC is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendant Lone Spur Café #2, LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As a person who acted in the interest of Defendants in relation to the company's employees, Defendant Lone Spur Café #2, LLC is subject to liability under the FLSA.

17. At all material times, Defendant Lone Spur Café #3, LLC was a limited liability company duly licensed to transact business in the State of Arizona. At all material times, Defendant Lone Spur Café #3, LLC does business, has offices, and/or maintains agents for the transaction of its customary business in Yavapai County, Arizona.

-5-

18. Defendant Lone Spur Café #3, LLC is an Arizona limited liability company, authorized to do business in the State of Arizona and is at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d).

19. Under the FLSA, Defendant Lone Spur Café #3, LLC is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendant Lone Spur Café #3, LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As a person who acted in the interest of Defendants in relation to the company's employees, Defendant Lone Spur Café #3, LLC is subject to liability under the FLSA.

20. At all material times, Defendant Lone Spur Café of America, LLC was a limited liability company duly licensed to transact business in the State of Arizona. At all material times, Defendant Lone Spur Café of America, LLC does business, has offices, and/or maintains agents for the transaction of its customary business in Yavapai County, Arizona.

21. Defendant Lone Spur Café of America, LLC is an Arizona limited liability company, authorized to do business in the State of Arizona and is at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d).

22. Under the FLSA, Defendant Lone Spur Café of America, LLC is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in

the interest of an employer in relation to an employee. At all relevant times, Defendant Lone Spur Café of America, LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As a person who acted in the interest of Defendants in relation to the company's employees, Defendant Lone Spur Café of America, LLC is subject to liability under the FLSA.

23. At all material times, Defendant Lone Spur Café of North Scottsdale, LLC was a limited liability company duly licensed to transact business in the State of Arizona. At all material times, Defendant Lone Spur Café of North Scottsdale, LLC does business, has offices, and/or maintains agents for the transaction of its customary business in Yavapai County, Arizona.

24. Defendant Lone Spur Café of North Scottsdale, LLC is an Arizona limited liability company, authorized to do business in the State of Arizona and is at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d).

25. Under the FLSA, Defendant Lone Spur Café of North Scottsdale, LLC is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendant Lone Spur Café of North Scottsdale, LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As a person who acted in the interest of

Defendants in relation to the company's employees, Defendant Lone Spur Café of North Scottsdale, LLC is subject to liability under the FLSA.

26. At all material times, Defendant Granite Mountain Capital, LLC was a limited liability company duly licensed to transact business in the State of Arizona. At all material times, Defendant Granite Mountain Capital, LLC does business, has offices, and/or maintains agents for the transaction of its customary business in Yavapai County, Arizona.

27. Defendant Granite Mountain Capital, LLC is an Arizona limited liability company, authorized to do business in the State of Arizona and is at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d).

28. Under the FLSA, Defendant Granite Mountain Capital, LLC is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendant Granite Mountain Capital, LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As a person who acted in the interest of Defendants in relation to the company's employees, Defendant Granite Mountain Capital, LLC is subject to liability under the FLSA.

29. At all relevant times, Defendant Granite Mountain Capital LLC is a member and/or managing member of Defendants Lone Spur Café Management, LLC; Lone Spur Café #1 LLC; Lone Spur Café #2 LLC; Lone Spur Café #3 LLC; Lone Spur

Café of America LLC; Lone Spur Café of North Scottsdale LLC; and Granite Mountain Capital, LLC.

30. Defendants Cory Farley and Jennifer Farley are, upon information and belief, husband and wife. They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable. Cory Farley and Jennifer Farley are owners of Defendants Lone Spur Café Management, LLC and Granite Mountain Capital, LLC and were at all relevant times Plaintiff's employer as defined by the FLSA, 29 U.S.C. § 203(d).

31. Under the FLSA, Defendants Cory Farley and Jennifer Farley are employers. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Cory Farley and Jennifer Farley are owners of Defendants Lone Spur Café Management, LLC and Granite Mountain Capital, LLC. At all relevant times, they had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As persons who acted in the interest of Defendants in relation to the company's employees, Cory Farley and Jennifer Farley are subject to individual liability under the FLSA.

32. Plaintiff is further informed, believes, and therefore alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

33. Defendants, and each of them, are sued in both their individual and corporate capacities.

34. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

35. At all relevant times, Plaintiff was an "employee" of Defendants Lone Spur Café Management, LLC; Lone Spur Café #1, LLC; Lone Spur Café #2, LLC; Lone Spur Café #3, LLC; Lone Spur Café of America, LLC; Lone Spur Café of North Scottsdale, LLC Granite Mountain Capital, LLC; and Cory Farley and Jennifer Farley as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

36. The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants Lone Spur Café Management, LLC; Lone Spur Café #1, LLC; Lone Spur Café #2, LLC; Lone Spur Café #3, LLC; Lone Spur Café of America, LLC; Lone Spur Café of North Scottsdale, LLC Granite Mountain Capital, LLC; and Cory Farley and Jennifer Farley.

37. At all relevant times, Defendants Lone Spur Café Management, LLC; Lone Spur Café #1, LLC; Lone Spur Café #2, LLC; Lone Spur Café #3, LLC; Lone Spur Café of America, LLC; Lone Spur Café of North Scottsdale, LLC Granite Mountain Capital, LLC; and Cory Farley and Jennifer Farley were and continue to be "employers" as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

38. The provisions set forth in the A.R.S. Title 23, Articles 7 and 8 apply to Defendants Lone Spur Café Management, LLC; Lone Spur Café #1, LLC; Lone Spur Café #2, LLC; Lone Spur Café #3, LLC; Lone Spur Café of America, LLC; Lone Spur

-10-

Café of North Scottsdale, LLC Granite Mountain Capital, LLC; and Cory Farley and Jennifer Farley.

39. At all relevant times, Plaintiff was an "employee" of Defendants Lone Spur Café Management, LLC; Lone Spur Café #1, LLC; Lone Spur Café #2, LLC; Lone Spur Café #3, LLC; Lone Spur Café of America, LLC; Lone Spur Café of North Scottsdale, LLC Granite Mountain Capital, LLC; and Cory Farley and Jennifer Farley as defined by the Arizona A.R.S. § 23-350, et seq.

40. At all relevant times, Defendants L Lone Spur Café Management, LLC; Lone Spur Café #1, LLC; Lone Spur Café #2, LLC; Lone Spur Café #3, LLC; Lone Spur Café of America, LLC; Lone Spur Café of North Scottsdale, LLC Granite Mountain Capital, LLC; and Cory Farley and Jennifer Farley were and continue to be "employers" as defined by A.R.S. § 23-350.

41. At all relevant times, Plaintiff was an "employee" of Defendants Lone Spur Café Management, LLC; Lone Spur Café #1, LLC; Lone Spur Café #2, LLC; Lone Spur Café #3, LLC; Lone Spur Café of America, LLC; Lone Spur Café of North Scottsdale, LLC Granite Mountain Capital, LLC; and Cory Farley and Jennifer Farley as defined by A.R.S. § 23-362.

42. At all relevant times, Defendants Lone Spur Café Management, LLC; Lone Spur Café #1, LLC; Lone Spur Café #2, LLC; Lone Spur Café #3, LLC; Lone Spur Café of America, LLC; Lone Spur Café of North Scottsdale, LLC Granite Mountain Capital, LLC; and Cory Farley and Jennifer Farley were and continue to be "employers" as defined by A.R.S. § 23-362.

43. Defendants Lone Spur Café Management, LLC; Lone Spur Café #1, LLC; Lone Spur Café #2, LLC; Lone Spur Café #3, LLC; Lone Spur Café of America, LLC; Lone Spur Café of North Scottsdale, LLC Granite Mountain Capital, LLC; and Cory Farley and Jennifer Farley individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

44. Plaintiff, in his work for Defendants Lone Spur Café Management, LLC; Lone Spur Café #1, LLC; Lone Spur Café #2, LLC; Lone Spur Café #3, LLC; Lone Spur Café of America, LLC; Lone Spur Café of North Scottsdale, LLC Granite Mountain Capital, LLC; and Cory Farley and Jennifer Farley, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

45. At all relevant times, Plaintiff, in his work for Defendants Lone Spur Café Management, LLC; Lone Spur Café #1, LLC; Lone Spur Café #2, LLC; Lone Spur Café #3, LLC; Lone Spur Café of America, LLC; Lone Spur Café of North Scottsdale, LLC Granite Mountain Capital, LLC; and Cory Farley and Jennifer Farley, was engaged in commerce or the production of goods for commerce.

46. At all relevant times, Plaintiff, in his work for Defendants Lone Spur Café Management, LLC; Lone Spur Café #1, LLC; Lone Spur Café #2, LLC; Lone Spur Café #3, LLC; Lone Spur Café of America, LLC; Lone Spur Café of North Scottsdale, LLC Granite Mountain Capital, LLC; and Cory Farley and Jennifer Farley, was engaged in interstate commerce.

47. Plaintiff, in his work for Defendants Lone Spur Café Management, LLC; Lone Spur Café #1, LLC; Lone Spur Café #2, LLC; Lone Spur Café #3, LLC; Lone Spur

Café of America, LLC; Lone Spur Café of North Scottsdale, LLC Granite Mountain Capital, LLC; and Cory Farley and Jennifer Farley, regularly handled goods produced or transported in interstate commerce.

48. At all material times: (1) Defendants were not completely disassociated with respect to the employment of Plaintiff; and (2) Defendants were under common control. In any event, at all relevant times, all Defendants were joint employers under the FLSA.

49. Defendants are engaged in related activities, *i.e.* all activities which are necessary to the operation and maintenance of the aforementioned restaurants.

50. Defendants constitute a unified operation because they have organized the performance of their related activities so that they are an organized business system, which is an economic unit directed to the accomplishment of a common business purpose.

51. Defendants run each store location identically, or virtually identically, and Defendants' customers can expect the same kind of customer service regardless of the location.

52. Defendants share employees between store locations.

53. Defendants use the name "Lone Spur Cafe" at all of their store locations.

54. Defendants' stores are advertised together on the same website.

55. Defendants provide the same array of products and services to their customers at its different restaurant locations.

## NATURE OF THE CLAIM

56. Defendants own and/or operate Lone Spur Café Management, LLC; Lone Spur Café #1, LLC; Lone Spur Café #2, LLC; Lone Spur Café #3, LLC; Lone Spur Café of America, LLC; Lone Spur Café of North Scottsdale, LLC, and Granite Mountain Capital, LLC, enterprises located in Yavapai County, Arizona doing business as The Lone Spur Cafe in Prescott, Arizona.

57. Plaintiff was hired by Defendants as a cook and worked for Defendants between approximately March 2020 and approximately June 2020.

58. Defendants, in their sole discretion, agreed to pay Plaintiff $14.50 per hour for all hours he worked.

59. During the time that Plaintiff worked for Defendants, Plaintiff worked approximately 20 to 40 hours per week.

60. Plaintiff left his employment with Defendants in June 2020.

61. At that time, Plaintiff was still owed a paycheck for his final week of work, approximately 20 hours.

62. Defendants failed to compensate Plaintiff any wages whatsoever for his final week of employment.

63. Shortly after his final workweek of employment with Defendants, Plaintiff attempted to communicate with Defendants regarding the status of the paycheck he was owed for his final week of work.

64. Plaintiff never heard back from Defendants regarding his final paycheck and whether or not the check was available to be picked up.

65. Plaintiff has still not received his final paycheck from Defendants.

-14-

66. As a result of Defendants' having willfully and improperly refused to pay Plaintiff his paycheck for his final week of work, Defendants failed to pay the applicable minimum wage to Plaintiff.

67. As a result of Defendants' having willfully and improperly refused to pay Plaintiff his paycheck for his final week of work, Defendants violated 29 U.S.C. § 206(a).

68. As a result of Defendants' having willfully and improperly refused to pay Plaintiff his paycheck for his final week of work, Defendants have violated the AMWA, A.R.S. § 23-363.

69. As a result of Defendants' having willfully and improperly refused to pay Plaintiff his paycheck for his final week of work, Defendants have violated the AWA, A.R.S. § 23-351.

70. Plaintiff is a covered employee within the meaning of the FLSA.

71. Plaintiff is a covered employee within the meaning of the AMWA.

72. Plaintiff is a covered employee within the meaning of the AWA.

73. Plaintiff was a non-exempt employee.

74. Defendants refused and/or failed to properly disclose to or apprise Plaintiff of his rights under the FLSA.

75. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

76. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid minimum and overtime wages, an additional

amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

77. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid minimum wages, an additional amount equal to twice the unpaid wages as liquidated damages, interest, and reasonable attorney's fees and costs of this action under A.R.S § 23-363.

78. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for his unpaid wages at an hourly rate, to be proven at trial, in an amount that is treble the amount of his unpaid wages, plus interest thereon, and his costs incurred under A.R.S. § 23-355.

## COUNT ONE: FAIR LABOR STANDARDS ACT
## FAILURE TO PAY MINIMUM WAGE

79. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

80. Defendants willfully and improperly refused to pay Plaintiff his paycheck for his final week of work.

81. As a result, Defendants failed to pay the applicable minimum wage to Plaintiff.

82. Defendants' practice of willfully and improperly refusing to pay Plaintiff his paycheck for his final week of work violated the FLSA, 29 U.S.C. § 206(a).

83. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Grant Wiggs, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A. For the Court to declare and find that the Defendant committed one of more of the following acts:

  i. Violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a), by failing to pay proper minimum wages;

  ii. Willfully violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a) by willfully failing to pay proper minimum wages;

B. For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest;

E. For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F. Such other relief as this Court shall deem just and proper.

### COUNT TWO: ARIZONA MINIMUM WAGE ACT FAILURE TO PAY MINIMUM WAGE

84. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

85. Defendants willfully and improperly refused to pay Plaintiff his paycheck for his final week of work.

86. As a result, Defendants failed to pay the applicable minimum wage to Plaintiff for his final week of work.

87. Defendants' practice of willfully failing or refusing to pay Plaintiff at the required minimum wage rate violates the AMWA, A.R.S. § 23-363.

88. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional amount equal to twice the unpaid wages as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Grant Wiggs, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A. For the Court to declare and find that the Defendants committed one of more of the following acts:

  i. Violated minimum wage provisions of the AMWA, A.R.S. § 23-363, by failing to pay proper minimum wages;

  ii. Willfully violated minimum wage provisions of the AMWA, A.R.S. § 23-363 by willfully failing to pay proper minimum wages;

B. For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C.	For the Court to award compensatory damages, including liquidated damages pursuant to A.R.S. § 23-364, to be determined at trial;

	D.	For the Court to award prejudgment and post-judgment interest;

	E.	For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to A.R.S. § 23-364 and all other causes of action set forth herein;

	F.	Such other relief as this Court shall deem just and proper.

## COUNT THREE: ARIZONA WAGE ACT
## FAILURE TO PAY WAGES OWED

89.	Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

90.	Defendants willfully failed or refused to pay Plaintiff wages for the hours that Plaintiff worked for them during the final workweek of his employment.

91.	Defendants' practice of willfully failing to pay Plaintiff wages for labor performed violates the AWA, A.R.S. § 23-351.

92.	Plaintiff is therefore entitled to compensation for all applicable wages at an hourly rate, to be proven at trial, in an amount treble the unpaid wages, together with interest, and costs of this action.

**WHEREFORE**, Plaintiff, Grant Wiggs, individually, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

	A.	For the Court to declare and find that the Defendants violated A.R.S. Title 23, Chapter 2, by failing to pay wages owed to Plaintiff;

-19-

B.     For the Court to award compensatory damages, including treble the amount of wages owed to Plaintiffs, pursuant to A.R.S. § 23-355, to be determined at trial;

C.     For the Court to award prejudgment and post-judgment interest;

D.     For the Court to award Plaintiff reasonable attorneys' fees and costs;

E.     Such other relief as this Court shall deem just and proper.

## **JURY TRIAL DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 4th Day of November, 2020.

BENDAU & BENDAU PLLC

By: /s/ *Christopher J. Bendau*
Clifford P. Bendau, II
Christopher J. Bendau
*Attorney for Plaintiff*